IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
AUBREY CRAWFORD, individual as, )
                                )   2:11-cv-01198-GEB-JFM
          Plaintiff,            )
                                )
     v.                         )   ORDER DISMISSING FEDERAL
                                )   CLAIMS AND REMANDING STATE
AMERICA'S SERVICING CORP.; FIRST)   CLAIMS*
AMERICAN LOANSTAR TRUSTEE       )
SERVICES; US BANK N.A.; WELLS   )
FARGO BANK N.A.; NEW CENTURY    )
TITLE; NEW CENTURY MORTGAGE     )
CORP.; DOES individuals 1 to 50,)
Inclusive; ROES Corporations 1  )
to 30, Inclusive; and all other )
persons and entities unknown    )
claiming any right, title,      )
estate, lien or interest in the )
real property described in the  )
Complaint adverse to Plaintiff's)
ownership, or any cloud upon    )
Plaintiff's title thereto,      )
                                )
          Defendants.           )
_____)
```

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"); U.S. Bank National Association ("U.S. Bank"); and First American Loanstar Trustee Services LLC ("First American"), each filed a motion seeking dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff fails to state a viable claim. Plaintiff opposes the portion of each motion challenging the sufficiency of his state claims;

---

        *   This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

however, Plaintiff states he will dismiss his federal claims against all Defendants.

Plaintiff alleges federal claims under the following Acts: Real Estate Settlement Procedures Act ("RESPA") and the Fair Credit Reporting Act ("FCRA"). Since each moving Defendant is correct in stating Plaintiff has not alleged sufficient facts to state viable claims under either federal Act, Plaintiff's RESPA and FCRA claims are dismissed against all Defendants. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6) . . . without notice where the claimant cannot possibly win relief."); see also Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating court may enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants).

Further, since this case was removed from state court based on federal question jurisdiction and only state claims now remain in the case, the Court may sua sponte decide whether to continue exercising supplemental jurisdiction over Plaintiffs' state claims. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed. The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Judicial economy does not favor continuing to exercise

2

1  supplemental jurisdiction since time has not been invested analyzing the
2  state claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986)
3  ("[T]he district court, of course, has the discretion to determine
4  whether its investment of judicial energy justifies retention of
5  jurisdiction or if it should more properly dismiss the claims without
6  prejudice.") (citation omitted). Nor do the comity and fairness factors
7  weigh in favor of exercising supplemental jurisdiction since "[n]eedless
8  decisions of state law should be avoided both as a matter of comity and
9  to promote justice between the parties, by procuring for them a
10 surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.
11 Therefore, Plaintiff's state claims are remanded to the Superior Court
12 of California in the County of Yolo, from which this case was removed.

13 Dated:  November 1, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge